TYLER, J.,
after stating the facts, delivered the opinion of the court, as follows:
Several questions have been discussed in this case, but one of which I deem it necessary to notice, because the decision of one is sufficient to dispose of the case. *A writ of mandamus lies in consequence of the violation of some legal right or duty imposed by law, and for which no adequate remedy has been provided. In this case, the law imposes, first, no such duty on the Register as the mandamus required him to perform; and, secondly, its non-performance violated no right of the petitioner. If the petitioner had a right in this case to demand a grant, he had no right to require the endorsement prayed for, because the law had, previous to the accrual of his right to demand a grant, dispensed with the ceremony of making the endorsement prayed for in the petition, and commanded by the mandamus to be made. This change in the law was made in the Code of 1849, which took effect the 1st of July, 1850, and the plat and certificate of survey was not filed in the Land Office until the 18th of December, 1850; and until (the expiration of six months thereafter, the petitioner had no right to demand a grant. At that time the law provided, not that the Register should make the endorsement commanded by the mandamus, but that the Register should deliver the grant to the Governor to be executed. See Code of 1849, ch. 112, g 48, p. 486. So that, while the law, previous to the Code, imposed the duty on the Register to endorse on the grant that the party had title to the same, at the time the right of the petitioner accrued to demand a grant, the mode of proceeding, in conveying the Commonwealth’s title to land, had been changed. But still this change in the mode of conveyance did not affect or interfere in the slightest degree with any right of the petitioner, because the grant, without the endorsement, passed the Commonwealth’s title to the grantee as effectually as with the endorsement, and the error manifest on the face of the proceeding is only to be accounted for on the supposition that the change in the law had been overlooked. It is said, however, that the real object of the petitioner was to compel the issuing of the grant; and-that may be so. ■ But that is not the act complained of, nor the duty Commanded by the mandamus to be ^performed. The court below commanded the Register to do an act, not imposed as a duty by law, and his refusal to do it, has in no way affected any right of the petitioner.
The judgment is therefore reversed and annulled, with costs to the appellee, the writ of mandamus quashed, and this court, proceeding to pronounce such judgment as the court below should have pronounced, it is adjudged that the petition be dismissed with costs.
But this judgment is to be without prejudice to any other proceeding the defendant may be advised to take under the law as it now is, in the prosecution of his right to have a grant — as to which right this court gives no opinion.